UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEFFREY MORRISON,                      )
as parent of minor child JM,           )
                                       )
    Plaintiff                          )
                                       )    1:18-cv-00106-DBH
v.                                     )
                                       )
PERRY SCHOOL DEPARTMENT,               )
                                       )
    Defendant                          )

## ORDER ON MOTION TO SUPPLEMENT THE RECORD AND RECOMMENDED DECISION ON MOTION FOR "STAY-PUT" ORDER

Plaintiff, as a parent of a minor child, JM, alleges the Perry School Department violated due process and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.[1] (Complaint, ECF No. 1.) The matter is before the Court on two motions filed by Plaintiff: (1) a motion to supplement the record (Motion, ECF No. 29); and (2) a motion for a "stay-put" order requiring that JM and his two siblings remain at Perry Elementary School during this litigation, rather than attend school in Eastport, where Plaintiff and his children have lived since late 2015. (Motion, ECF No. 28).

---

[1] "The purpose of the [Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*] is 'to ensure that all children with disabilities have available to them a free appropriate public education [(FAPE)] that emphasizes special education and related services designed to meet their unique needs.'" *Pollack v. Reg'l Sch. Unit 75*, 886 F.3d 75, 79 (1st Cir. 2018) (quoting 20 U.S.C. § 1400(d)(1)(A)). "If parents are concerned that their child is not receiving a FAPE, they can file a complaint with the local educational agency." *Id.* (citing 20 U.S.C. § 1415(b)(6)(A)). Filing a complaint begins a series of administrative procedures, which procedures include an "impartial due process hearing" before the state educational agency, in this case, the Maine Department of Education. 20 U.S.C. § 1415(f)(1)(A), (g); 20-A M.R.S. § 7207-B; 05-071 C.M.R. ch. 101, § XVI. Following a final decision on the complaint by the educational agency, an "aggrieved party" may file an action in state or federal court seeking relief from the decision. *Id.* § 1415(i)(2)(A).

Following a review of Plaintiff's motions, Defendant's responses, and the record, I grant the motion to supplement the record, and I recommend the Court deny the motion for a stay-put order.

## DISCUSSION

1. **Motion to Supplement the Record**

Following a scheduling conference, the Court issued a scheduling order that in part stated:

> The issues in the case consist of the following: (1) whether the administrative decision on Plaintiff's challenge to the adequacy of the [individual education plan (IEP)] developed and implemented for JM during the 2015-2016 and 2016-2017 academic years was erroneous; and (2) whether Plaintiff's right to due process during the administrative proceedings was violated.
>
> Plaintiff also asserts that the Hearing Officer improperly dismissed Plaintiff's request for a hearing as to the IEP developed for and implemented during the 2017-2018 academic year. On or before August 3, 2018, Plaintiff shall notify the Court and Defendant whether Plaintiff intends to pursue a substantive claim as to the 2017-2018 academic year, or whether Plaintiff seeks to cite the Hearing Officer's dismissal of the request for hearing as evidence in support of Plaintiff's due process claim. If Plaintiff asserts a substantive claim for the 2017-2018 academic year, Defendant intends to file a motion to dismiss the claim. Accordingly, if Plaintiff notifies the Court that he intends to assert a substantive claim for the 2017-2018 academic year, the Court will issue an order to govern the parties' briefing of the motion to dismiss.

(Scheduling Order, ECF No. 25 at 1-2.) In response to the scheduling order, Plaintiff filed a notice informing the Court he intended only to cite the hearing officer's dismissal of the request for a hearing as evidence in support of Plaintiff's due process claim. (Notice, ECF No. 26.)

The Maine Department of Education filed the IDEA administrative record on two consolidated cases (## 18.008H, 18.029H). (IDEA Administrative Record ("Record"), ECF No. 27, Record Vol. I at i (Index), 101 (Order).)

Case #18.008H is Plaintiff's due process hearing request filed on July 24, 2017. (Order, Record Vol. II at 327.) The hearing officer's prehearing report and order described the issue in the matter as follows: "Did Perry Public Schools deny Student a free, appropriate, public education (FAPE) during the two year period between July 24, 2015 and July 24, 2017?" (Prehearing Report and Order, Record Vol. I at 163.)

Case #18.029 is Plaintiff's due process hearing request, filed on October 6, 2017. (Order, Record Vol. II at 327.) The hearing officer found Plaintiff had requested certain independent evaluations, and Defendant had refused the request. (Order, Record Vol. II at 331.) The hearing officer's prehearing report and order described the issue in the matter as follows: "Were the psychological and speech-language evaluations conducted by Perry Public Schools (*i.e.*, those which were discussed at the October 5, 2017 IEP Team meeting) inadequate and inappropriate thereby warranting independent evaluations of same at public expense?" (Prehearing Report and Order, Record Vol. I at 163.)

In Plaintiff's motion to supplement the record, Plaintiff requests the Court order the Department to provide the complete administrative record in the case that concerns the 2017-2018 academic year (Case # 18.060H).[2] (Motion, ECF No. 29 at 3.) Plaintiff filed an attachment that contains Plaintiff's proposed additions, evidently to complete the record

---

[2] The parties evidently resolved another administrative claim (Case #19.013H) concerning the 2017-2018 academic year. (Reply, ECF No. 32 at 7; Attachment, ECF No. 32-1 at 1-2.)

as to all three cases (Case ## 18.008H, 18.029H, 18.060H). (Attachments, ECF Nos. 31-1 (index), 31-2 (proposed additions).) Plaintiff also requests the Court admit in evidence an "IDEA Hearing Officer Prequalification Notice," which Plaintiff asserts is relevant to his claims. (Motion, ECF No. 29 at 3; Attachment, ECF No. 31-2 at 66-67.)

Defendant does not object to Plaintiff's proposed additions. (Response, ECF No. 33 at 2.) Defendant proposes several additional emails be added to the record for completeness. (*Id.*; Attachment, ECF No. 33-1.) Plaintiff did not file a reply in support of his motion to supplement the record, and thus Plaintiff has not objected to Defendant's proposed additions.

Without objection from either party, Plaintiff's and Defendant's proposed additions are made part of the record. *See Johnson v. Boston Public Schools*, 906 F.3d 182, 190-91 (1st Cir. 2018) (noting "[d]istrict courts considering challenges to administrative IDEA decisions apply an intermediate standard of review," under which "'[a] district court reviews the administrative record, which may be supplemented by additional evidence from the parties'") (quoting *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 35-36 (1st Cir. 2012)).

2. **Motion for a "Stay-Put" Order**

Plaintiff asks the Court to issue a "stay-put" order, pursuant to 20 U.S.C. § 1415(j), concerning JM, who is subject to the IDEA, and Plaintiff's two other children. (Motion, ECF No. 28 at 1.) Title 20 U.S.C. § 1415(j) provides:

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in

the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

In late 2015, Plaintiff moved with his children from Perry to Eastport, and they have resided in Eastport since the move. (Affidavit of Elizabeth Cushing, ECF No. 30-1 at 3 ¶¶ 8-10.)[3] At the time of the hearing, Plaintiff resided in Eastport. (Record Vol. II at 329.) The Perry School Department and the Eastport School Department are each municipal school units under state law, 20-A M.R.S. § 1(26)(G), and each provides educational services for students who reside with one or both parents in the respective municipality. (*Id.* at 1-2 ¶¶ 2-3.)

The Court has jurisdiction over Plaintiff's claims regarding JM, pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. . . ."); and 20 U.S.C. § 1415(i)(3)(A) ("The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.") *See M.M. v. Paterson Bd. of Educ.*, 736 F. App'x 317, 319 n.3 (3d Cir. 2018) (affirming

---

[3] Plaintiff asserts in his motion for a stay-put order that in August 2018, he told the superintendent he was a resident of Perry. (Motion, ECF No. 28 at 2.) Attached to Plaintiff's reply in support of the motion for a stay-put order is a document that is evidently an August 2018 email from him to the superintendent, in which email Plaintiff states he is a resident of Perry because he owns property there, he is registered to vote there, his vehicles are registered there, and his driver's license has a Perry address. (ECF No. 32-3.) Plaintiff does not dispute that he and his children live in Eastport.

the denial of the parent's request for preliminary injunctive relief to promote the child to high school). Plaintiff, however, asserts no actionable claim on behalf of his two other children, who are not subject to the IDEA.

In addition, because Plaintiff voluntarily and unilaterally relocated with JM from Perry to Eastport, Plaintiff is not entitled to a stay-put order for JM. "The purpose of the stay-put provision is to 'strip schools of the *unilateral* authority they had traditionally employed to exclude disabled students … from school' and to protect children from any retaliatory action by the local educational agency." *Millay v. Surry School Dept.*, 584 F. Supp. 2d 219, 228 (D. Me. October 28, 2008) (quoting *Honig v. Doe*, 484 U.S. 305, 323 (1988) (emphasis in original). In this case, the Perry municipal school unit did not take any action to exclude JM from school or to alter his independent education plan. Instead, Plaintiff relocated to a different municipal school unit (Eastport). Through his motion, Plaintiff asks the Court to issue a stay-put order under § 1415(j) to require the school unit in the municipality from which he moved (Perry) to continue to educate JM.

The issue is similar to the issue presented in *J.F. v. Byram Twp. Bd. of Educ.*, 629 F. App'x 235, 238 (3d Cir. 2015), where the Third Circuit concluded that "because J.F.'s parents unilaterally relocated him from Westwood to Byram, the stay-put provision is inoperative and Byram meets its obligation by complying with § 1414(d)(2)(C)(i)(I)." *See also Michael C. ex rel. Stephen C. v. Radnor Twp. Sch. Dist.*, 202 F.3d 642, 651 (3d Cir. 2000) (holding that "where a *parent* unilaterally removes a child from an existing placement determined in accordance with state procedures, and puts the child in a different placement that was not assigned through proper state procedures, the protections of the

stay-put provision are inoperative until the state or local educational authorities and the parents agree on a new placement").

The reasoning and conclusion of the Third Circuit are sound. As the Court in *Byram* noted, when a family moves to another school district within the state, the new school district becomes responsible for providing an independent education plan in accordance with 20 U.S.C. § 1414(d)(2)(C)(i)(I) [4] 629 F. App'x at 238. Title 20 U.S.C. § 1414(d)(2)(C)(i)(I) governs transfers within the same state and provides:

> In the case of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an [individual education plan (IEP)] that was in effect in the same State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency adopts the previously held IEP or develops, adopts, and implements a new IEP that is consistent with Federal and State law.

Pursuant to § 1414(d)(2)(C)(i)(I), therefore, when a student transfers to a different school unit, the new school unit is responsible for providing the independent education plan. Section 1414(d)(2)(C)(i)(I) thus confirms that when a student voluntarily transfers from one municipal school unit to another, § 1415(j) does not apply. Indeed, to require a municipal school unit to provide a student's education after the student moves to another municipal school unit would, in many instances, be impractical.

---

[4] In *J.F. v. Byram Twp. Bd. of Educ.*, 629 F. App'x 235, 236 (3d Cir. 2015), the school district to which the parents relocated "told J.F.'s parents that it could implement the program in-district." The Court concluded, "we cannot say . . . that Byram failed to meet its obligation [under § 1414(d)(2)(C)(i)(I) to offer comparable services and to implement the existing IEP or create a new one], and the District Court did not abuse its discretion in declining to grant an injunction requiring placement at the Craig School." *Id.* at 239.

In sum, because Plaintiff and JM moved from one municipal school unit to another, § 1414(d)(2)(C)(i)(I), rather than § 1415(j), governs. Accordingly, Plaintiff is not entitled to a stay-put order under § 1415(j).

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's motion to supplement. (ECF No. 29.) I also recommend the Court deny Plaintiff's motion for a "stay-put" order under 20 U.S.C. § 1415(j).[5] (ECF No. 28.)

## **NOTICE**

With respect to the order on non-dispositive matters (i.e., the grant of the motion to supplement the record), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

---

[5] Because in his motion for a stay-put order, Plaintiff requested specific relief under § 1415(j), I have not addressed in this recommended decision any other issues Plaintiff cited to support his request to maintain the status quo. In his motion, Plaintiff referenced the decision of the superintendent of schools to deny Plaintiff's request for a "superintendent's transfer agreement" to permit JM to continue to attend school in Perry. The Perry School Department permitted JM to continue to attend the Perry Elementary School after JM's move to Eastport in 2015. In August 2018, the superintendent of schools informed Plaintiff that he would have to obtain a "superintendent's transfer agreement" for JM to continue to attend school in Perry while he lived in Eastport. After Plaintiff made the request, the superintendent denied the request. (Affidavit of Elizabeth Cushing, ECF No. 30-1 at 3 ¶ 10.) Defendant acknowledges Plaintiff has a right to appeal from the superintendent's decision to the Commissioner of the Maine Department of Education pursuant to 20-A M.R.S. § 5205(6). (Response at 7, ECF No. 30.) In addition, Defendant has represented that the superintendent would permit JM to continue to attend school in Perry pending the resolution of any such appeal. (Cushing Affidavit at 3-4 ¶ 11.) As of the date of Defendant's response to Plaintiff's motion for a stay-put order, Plaintiff had not filed an appeal with the Commissioner. (*Id*.) In his motion for a stay-put order, Plaintiff requested specific relief under § 1415(j), and did not request immediate relief (e.g., a temporary restraining order, a preliminary injunction) based on a challenge to the superintendent's denial of the request for a transfer agreement for the 2018-2019 academic year. I have not assessed, therefore, Defendant's failure to exhaust argument as to the superintendent's decision, or whether, in a court challenge to the superintendent's decision not to grant Plaintiff's request for a transfer agreement, Plaintiff could satisfy the elements necessary to obtain immediate injunctive relief that would permit JM to continue to attend school in Perry. To obtain immediate injunctive relief, a party must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

With respect to the recommendations made herein (i.e., the recommended decision on the motion for a stay-put order), a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of December, 2018.